### BRAHE vs. BOKER & COMPANY.

[Jackson, C. J., not presiding, on account of providential cause.]

Since the constitution of 1877 and the act of 1879 to carry into effect the provisions of the constitution in relation to the uniformity of practice, and also making provision as to the times and places of holding justices' courts, a justice of the peace in the city of Augusta cannot hold his court and render judgments in civil cases elsewhere than in his own district, notwithstanding the prior local laws of that city. 67 Ga., 482.

(a.) This does not affect the jurisdiction of any one of those courts over parties residing anywhere in the limits of the city of Augusta. 71 Ga., 244.

Judgment reversed.

January 12, 1886.

HALL, Justice.

[Boker & Co. sued out an attachment against Brahe in the N. P. and ex-officio J. P. court of the 122d district of Richmond county. The defendant pleaded to the jurisdiction on the following grounds: (1.) That the court was not held within the geographical limits of the 122d district, but within the limits of the 120th district. (2.) That there is in the 120th district a regularly established court-ground, and that this court was not held at that point. (3.) Because the notary who held this court resided in the 122d district, but held court in the 120th district. (4.) Because the regular justice for the 122d district established the court-ground for that district at a certain place, and afterwards moved it to the office of the notary public and ex-officio justice of the peace, without any petition from the qualified voters of the district, and without giving thirty

v 75-56

days' notice. (5.) Because so much of section 4590 of the Code of 1882 (act of 1877) as authorizes changes of location of the court-ground in town and city districts as often as necessary, was repealed by the constitution of 1877 and the act of July 21, 1879.

The justice struck these pleas, and after judgment, a *certiorari* was taken to the superior court. From the answer of the justice, it appeared that the regular justice for the 122d district moved his court from its former location (which was also within the limits of the 120th district) to the office of the notary public and *ex-officio* justice of the peace, under an order granted by the ordinary. The judgment of the justice was sustained, and the defendant excepted.]